UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES GOLDSBERRY,

    Plaintiff,

v.                                          Case No. 6:25-cv-958-JA-DCI

DAVOL, INC., and C.R. BARD, INC.,

    Defendants.
_____

### ORDER

This case is before the Court once again on review of Plaintiff's citizenship allegations.

In the Complaint (Doc. 1-1), the Amended Complaint (Doc. 5), and the Second Amended Complaint (Doc. 9), Plaintiff alleged that he "was at all time material hereto[] a citizen and resident of the State of Florida." (Doc. 1-1 ¶ 2; Doc. 5 ¶ 2; Doc. 9 ¶ 2). However, in his Amended Disclosure Statement, Plaintiff provided an address in Mississippi when asked to identify his citizenship. (Doc. 13 at 1–2). The Court thus ordered Plaintiff to "clarify where he is domiciled and provide an explanation of the discrepancy in his filings regarding his citizenship." (Order, Doc. 14).

Plaintiff responded to the Court's order by stating that "[a]t the time of the incident raised in the complaint Plaintiff was a resident of Palm Bay, Brevard County, Florida" but that he has "reside[d]" in Mississippi since April 30, 2024. (Doc. 15 ¶¶ 2–3). However, assertions of "residence" are not determinative of where Plaintiff was **domiciled** when he filed the Complaint in this case—the salient question in determining whether the parties to this case are of diverse citizenship. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)[1] (explaining that "the diverse citizenship among adverse parties must be present at the time the complaint is filed" and that "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient"). As defined in *Mas*, "[a] person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" 489 F.3d at 1399 (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

It is **ORDERED** that **no later than August 15, 2025**, Plaintiff shall state where he was **domiciled**—that is, "the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom"—on May 31, 2025, the date on

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

which he filed the Complaint in this case.

    **DONE** and **ORDERED** in Orlando, Florida, on August 6, 2025.

                                      JOHN ANTOON II
                             United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties